IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | 1:09-cv-00139-GSA-PC |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S MOTION OF MARCH 27, 2009, AS A MOTION FOR RECONSIDERATION<br>(Doc. 5.) |
| vs. | ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 5.) |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE |
| | ORDER FOR CLERK TO CLOSE CASE |

## I. BACKGROUND

Plaintiff James E. Smith ("plaintiff") is a prisoner proceeding pro se in this civil action. On February 23, 2009, pursuant to 28 U.S.C. § 1915(g), the court issued an order finding plaintiff ineligible to proceed in forma pauperis and ordering plaintiff to pay the $350.00 filing fee in full within thirty days. (Doc. 4.) On March 27, 2009, plaintiff filed a motion to proceed in forma pauperis. (Doc. 5.) The court construes plaintiff's motion to proceed in forma pauperis as a motion for reconsideration of the court's order of February 23, 2009.

## II. MOTION FOR RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D. C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the

1

"new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

Plaintiff wishes the court to reconsider its order finding plaintiff ineligible to proceed in forma pauperis. Plaintiff argues that no other party has appeared in this action, that he has no plain adequate remedy at law except through this court, and that he has suffered and will continue to suffer severe emotional distress and irreparable injuries. The court's February 29, 2009 order found plaintiff ineligible to proceed in forma pauperis because he filed at least three prior actions that were dismissed for failure to state a claim, and he was not under imminent danger of serious physical injury at the time he filed this action. 28 U.S.C. 1915(g). Plaintiff's arguments do not show any new or different facts, or any other grounds, upon which the court could base an alternate decision. Therefore, plaintiff 's motion for reconsideration shall be denied.

### III. PLAINTIFF'S FAILURE TO PAY FILING FEE

On February 23, 2009, the court ordered plaintiff failed to pay the filing fee for this action within thirty days. Plaintiff was warned that the failure to obey the court's order would result in dismissal of this action. The thirty day time period has expired and plaintiff has not paid the filing fee. Accordingly, this is action shall be dismissed without prejudice.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed March 27, 2009, is CONSTRUED as a motion for reconsideration of the court's order of February 23, 2009;
2. Plaintiff's motion for reconsideration is DENIED;
3. This action is DISMISSED without prejudice, for plaintiff's failure to obey the court's order to pay the filing fee; and
4. The Clerk is directed to close this case in its entirety.

IT IS SO ORDERED.

Dated: **March 30, 2009**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE